✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
v.
__BRYAN KEITH NOEL__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:09 cr 57

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
   - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   - under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence  X a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____         _____
Date                              *Signature of Judge*
                                  Dennis L. Howell, United States Magistrate Judge
                                  *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 57

UNITED STATES OF AMERICA,

Vs.                                                        ADDENDUM TO
                                                           DETENTION ORDER

BRYAN KEITH NOEL.

_____

I.  FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.  FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a 28 count bill of indictment for the following charges: A charge of conspiracy in violation of 18 U.S.C. § 1349; 25 counts of mail fraud in violation of 18 U.S.C. § 1341; two counts of making a false oath in violation of 18 U.S.C. § 152(2).

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant. Evidence was presented that showed that the defendant had persuaded various persons to invest their savings with the defendant and the defendant had then taken the funds and used them for his own purposes and benefit. At the present time, there is approximately $7,000,000 that is unaccounted for. In committing this fraud the defendant would prepare and deliver false financial statements to his various investors thus representing to them that their investments were safe and were appreciating.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties. Evidence was presented that the defendant is married and the defendant and his wife are separated. Further evidence was presented that an initial separation of the defendant and his wife was fraudulent and was made for the purpose of concealing certain cash assets. In any event, the defendant does have family ties consisting of his wife and three minor children. The defendant is presently employed as a carpenter. It appears to the undersigned that the defendant does have substantial financial resources which cannot be located. Approximately $4,900,000 was taken by the defendant and invested in two businesses that the defendant owned or controlled. The defendant has a length of residence in the Hendersonville community. The defendant's history relating to drug or alcohol abuse shows that he was convicted in August 2001 of driving while impaired in Buncombe County, NC and the defendant also reported a history of marijuana use. In regard to the defendant's physical and mental condition, the defendant is in good physical health but he is being treated for depression and anxiety.

In addition to the above referenced offense, the defendant was convicted of misdemeanor larceny in Robeson County, NC on November 29, 1993.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was arrested on May 9, 2009 in Henderson County, NC and charged with aiding and abetting impaired driving. The defendant was released on terms and conditions of bond but was subject to those conditions at the time of his arrest.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the undersigned cannot find by clear and convincing evidence that such a danger exists. Evidence was presented that the defendant had made threatening statements concerning a potential witness and the defendant's interest in having the witness followed and discredited by causing the defendant to use controlled substances. However, the evidence further showed that this statement was made several years ago. The undersigned does not find by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. Evidence showed that the defendant had been involved in an international mining business wherein the defendant had contact with a titanium mine located in the country of Peru on the continent of South America. The defendant and his family had traveled to Peru. Further evidence was shown that the defendant also traveled to the islands in the Caribbean and also to the island of Aruba. The evidence further showed that approximately $7,000,000 was delivered to the defendant to invest for his customers. By January 2005 the defendant had taken $3,882,000 of those funds and paid them to businesses controlled by the defendant. The total sum that had been delivered to the defendant by 2006 was $4,900,000. These funds cannot be accounted for. Evidence was further presented that in 2006 after the fraud of the defendant was discovered the defendant and his attorney had a meeting with the investors of the defendant and the defendant then attempted to persuade his investors that an employee or partner of the defendant had been the person who was actually responsible for the wrongful taking of the funds of the investors. The defendant attempted to persuade the investors to sue the defendant's business partner who had been cooperating with the government. The government had recorded statements made by the defendant implicating the defendant in the disposition of the funds.

Evidence was further presented that the defendant falsely made a petition in bankruptcy in which he did not report over $240,000 of money that the defendant had received in 2005 and further that the defendant did not report three BMW vehicles and one Acura vehicle that had been owned by the defendant. Only one of these vehicle can now been located. All of the vehicles are still shown on the records of the North Carolina Department of Motor Vehicles as being owned by the defendant. The vehicles are expensive, luxury type vehicles. Evidence was also presented that the defendant and his wife had undertaken to have a false or sham separation. The reason for the separation was so the defendant and his spouse could enter into a type of divorce settlement whereby the defendant would pay to his spouse the sum of $250,000. Those funds were then used by the spouse and the defendant to pay the down payment on a dwelling house that is owned by the defendant's spouse but in which the defendant resides. Evidence was also produced by the government that various records contained on computers in the defendant's business had been taken and had been placed in the safe of the defendant's counsel, a Mr. Larry Winson.

These allegations of financial fraud and later making a false oath to secrete his ill-gotten gains when associated with the defendant's travels to South America, the Carribean and to the island with Aruba, when also associated with the large sum of money consisting of over $4,900,000 that is missing, shows by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. Indeed, this court does not have doubt that if the defendant were released that he would flee the jurisdiction. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending

further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: June 23, 2009

Dennis L. Howell
United States Magistrate Judge