DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-406-RLV
(1:09-cr-57-RLV-1)

| | |
|---|---|
| BRYAN KEITH NOEL, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court following receipt of Petitioner's response to the Court's prior Order requiring Petitioner to explain why his 28 U.S.C. § 2255 motion to vacate is not time-barred and, if it is time-barred, why equitable tolling should apply. Also pending before the Court is Petitioner's Motion to File Oversize Brief, (Doc. No. 2), Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 3), Petitioner's Motion Requesting that attached 4 Subpoenas be Issued and Served at Gov't Expense, (Doc. No. 5), Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 6), and Petitioner's Motion Requesting that attached 5 Subpoenas be Issued and Served at Govt. Expense, (Doc. No. 8). For the following reasons, the Court dismisses the Section 2255 petition as time-barred.

**I. BACKGROUND**

On March 4, 2010, a jury found Petitioner guilty of bank fraud and other crimes arising out of Petitioner's participation in a fraudulent investment scheme in which he, his co-conspirator Alexander Klosek, and others defrauded investors, mostly elderly clients, of around $7 million. (Criminal Case No. 1:09-cr-57-RLV-1, Doc. No. 96: Jury Verdict; Doc. No. 107 at ¶¶ 4, 23: PSR).

1

The scheme involved, among other things, mailing investors false quarterly statements that did not notify investors of the diminished value of their assets and by concealing that investor funds were being diverted to unauthorized investments. (Id., Doc. No. 107 at ¶ 4). Specifically, the jury found Petitioner guilty of conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349; mail fraud, and aiding and abetting such, in violation of 18 U.S.C. §§ 1341, 2; conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1957, 1956(h); bank fraud, in violation of 18 U.S.C. § 1344; making false statements to a bank, in violation of 18 U.S.C. § 1014; money laundering, and aiding and abetting such, in violation of 18 U.S.C. §§ 1957, 2; and false oath in bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). (Id., Doc. No. 116: Judgment).

On February 24, 2011, this Court sentenced Petitioner to 300 months of imprisonment. (Id., Doc. No. 116: Judgment). Judgment was entered on March 1, 2011. (Id.). Petitioner appealed, and on December 28, 2012, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Noel, 502 Fed. Appx. 284 (4th Cir. 2012). Petitioner filed a petition for writ of certiorari, which the Supreme Court denied on October 7, 2013. Noel v. United States, 134 S. Ct. 366 (2013). Petitioner's conviction therefore became final for purposes of Section 2255(f)(1) on October 7, 2013. See United States v. Thomas, 203 F.3d 350 (5th Cir. 2000). Petitioner filed his Section 2255 motion to vacate more than three years later, on December 21, 2016, placing the motion to vacate in the prison system for mailing on December 18, 2016.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the

motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Petitioner's conviction became final for purposes of Section 2255(f)(1) on October 7, 2013.  Petitioner filed his Section 2255 motion to vacate on December 21, 2016, placing the motion to vacate in the prison system for mailing on December 18, 2016.  Thus, the petition is not timely under Section 2255(f)(1).  On January 13, 2017, this Court entered an Order giving Petitioner 20 days in which to submit a memorandum explaining why his petition is timely or, if

3

not, the reasons for why the Court should apply equitable tolling.[1]  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  Petitioner has filed a response to the Court's order, in which he contends that the petition is timely under Sections 2255(f)(2), (f)(3), and (f)(4).  Specifically, Petitioner contends in his response that he is "proceed[ing] under three AEDPA clock-triggering events: (1) Actual Innocence proven by newly discovered evidence; (2) A 'sea change in law' pursuant to Luis v. United States, 136 S. Ct. 1083, 1088 (2016); (3) Removal of the 'impediment' placed by the Government in making such motions, and other instances of outrageous conduct, and Alex Klosek's confession."  (Doc. No. 11 at 1).  For the following reasons, the Court finds that Petitioner's contentions regarding timeliness are without merit.

     First, citing McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), Petitioner contends that this Court should grant him an "exemption" to the one-year limitations period based on actual innocence.  The Supreme Court in McQuiggin held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite expiration of the AEDPA one-year statute of limitations.  McQuiggin, 133 S. Ct. at 1928.  However, cognizable claims of "actual innocence" are "extremely rare."  United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014); see also McQuiggin, 133 S. Ct. at 1928.  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. 298, 327 (1995); see also McQuiggin, 133 S. Ct. at 1935.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  Schlup, 513 U.S. at 324.  Here, in support of his "actual innocence" claim, Petitioner presents a rambling, confusing

---

[1]  The Court also ordered Petitioner to resubmit the petition, signed under penalty of perjury.

4

argument that certain transactions that were determined to be fraudulent were in fact "authentic" transactions that the jury was not allowed to view. See (Doc. No. 11 at 4). Petitioner also points to various "exhibits" that he claims are exculpatory and that were not shown to the jury, but Petitioner has not shown how these new exhibits prove that he is actually innocent of the charges for which he was convicted by a jury.[2] (Id. at 5). In other words, Petitioner has not shown that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt if the proposed evidence were presented to the jury. In sum, Petitioner's arguments regarding actual innocence are without merit.

Next, Petitioner contends that his petition is timely in light of the Supreme Court's decision in Luis v. United States, 135 S. Ct. 2978 (2016), in which the Supreme Court held that the government violated the petitioner's Sixth Amendment right to have counsel of choice by freezing untainted funds not connected with the crime before trial. Petitioner contends that Luis "represents a 'sea change in law' because it changes the way the Fourth Circuit must handle pretrial forfeiture." (Id. at 10). Petitioner has not shown that his petition is timely in light of the Supreme Court's decision in Luis. Assuming that Luis even applies to the facts of Petitioner's case, Petitioner fails to explain why this Court should find that Luis applies retroactively to cases on collateral review. Thus, Petitioner has failed to show that his petition is timely under Section 2255(f)(3) in light of Luis.

Nor has Petitioner shown, in his related argument, that the petition is timely under Section

---

[2] For instance, Petitioner relies on numerous documents, including various financial transactions related to his fraud conviction, that he contends he recovered from his hard drive on his laptop, and which he contends the Government damaged placing software on it before trial. Petitioner has not shown, however, how this alleged new evidence proves his factual innocence in this case on any of the charges.

5

2255(f)(2). Petitioner contends that because the Government filed a lis pendens on certain "untainted" assets before trial, thus preventing Petitioner from having access to funds to hire an attorney of his own choosing, this constituted "governmental action" that prevented Petitioner from bringing a timely petition. (Id. at 10-11). Petitioner argues that Luis "effectively removed the governmental block when the Supreme Court foreclosed the ability to seize or retrain untainted assets," and thus, his petition is timely under Section 2255(f)(2). (Doc. No. 10 at 6). This argument is without merit, as an intervening development in case law is not considered an "impediment" under the meaning of Section 2255(f)(2). See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000) (holding that a change in state substantive case law does not constitute the removal of an impediment under a similar provision applying to habeas actions under Section 2254).

Next, Petitioner also appears to contend that his petition is timely under Section 2255(f)(4) based on his allegation that one of the witnesses and co-conspirator, Alex Klosek, perjured himself at trial and then later confessed that he had done so. Petitioner contends that he recently learned of the "confession" and that this therefore constitutes "new evidence." Petitioner's contention is without merit, and it is wholly conclusory. Furthermore, defense counsel strongly attacked the credibility of Klosek at trial, arguing that he was the true perpetrator of the fraud, but the jury still found that Petitioner was guilty of the charges against him. See (Crim. Doc. No. 135 at 89, 90, 99-111: Trial Tr., Vol. 11). In sum, Petitioner has not shown that the petition is timely under Section 2255(f)(4).

Finally, Petitioner also appears to contend, separately, that equitable tolling is applicable because he was not allowed to use the counsel of his own choice for his defense. This claim is without merit. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the

6

limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  To be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010).  In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Petitioner has simply not shown extraordinary circumstances that warrant the application of equitable tolling in this case.

In sum, for the reasons stated herein, the petition is dismissed as time-barred.

## IV.    CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as untimely.

2. Petitioner's Motion to File Oversize Brief, (Doc. No. 2), Petitioner's Motion Requesting that attached 4 Subpoenas be Issued and Served at Gov't Expense, (Doc. No. 5), and Petitioner's Motion Requesting that attached 5 Subpoenas be Issued and Served at Govt. Expense, (Doc. No. 8), are all **DENIED** as moot. Petitioner's two Motions to Proceed in Forma Pauperis, (Doc. Nos. 3, 6), are both **DENIED** because Petitioner was not required to pay a filing fee in bringing his motion to vacate.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 8, 2017

Richard L. Voorhees
United States District Judge